UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
JOSEPH McMANUS,                     )
                                    )
        Petitioner,                )
                                    )
   v.                               )   C.A. No. 14-338 S
                                    )
ASHBEL T. WALL,                     )
                                    )
        Respondent.                )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

    Joseph McManus has filed a Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody ("Habeas Petition"), challenging his conviction on two counts of criminal solicitation.  The State has moved to dismiss that petition.  (ECF No. 4.)  Petitioner filed a Traverse to the Motion to Dismiss ("Pet.'s Opp'n") (ECF No. 8), and the State filed a Reply (ECF No. 9.)  For the reasons set forth below, the State's motion is GRANTED and McManus's Habeas Petition is DISMISSED WITHOUT PREJUDICE.

I.   Background

    In the early morning hours of June 29, 1996, Kelly (McGinity) McManus was brutally stabbed to death by her husband in front of

their teenage children, the tragic culmination of months of physical and mental domestic abuse.[1]  On September 6, 1996, a grand jury indicted Petitioner Joseph McManus for her murder.  On July 2, 1997, after trial, a jury convicted McManus of first-degree murder.  For his crime, the Rhode Island Superior Court sentenced McManus to life in prison without the possibility of parole.  The Rhode Island Supreme Court affirmed the conviction on February 21, 2008.  Rhode Island v. McManus, 941 A.2d 222 (R.I. 2008).

While awaiting trial for the murder of his wife, McManus was housed at the Adult Correctional Institution ("ACI").  It was there that he was alleged to have solicited four fellow inmates to murder then-Attorney General Jeffrey Pine and assault a prosecuting Assistant Attorney General.[2]  On August 28, 1997, a grand jury indicted McManus on three counts of criminal solicitation and two counts of threatening a public official.  On October 19, 2000, after a trial, a jury convicted McManus of two counts of criminal solicitation, finding that McManus offered Vincent Arruda $25,000 to murder the Attorney General and offered Robert Smith $5,000 to

---

[1] The facts of this case are laid out in further detail by the Rhode Island Supreme Court in Rhode Island v. McManus, 941 A.2d 222 (R.I. 2008).

[2] The facts of this solicitation conviction are described in more detail by the Rhode Island Supreme Court in Rhode Island v. McManus, 990 A.2d 1229 (R.I. 2010).

assist in the murder of the Attorney General and assault an assistant Attorney General. The Superior Court imposed two ten-year sentences to run consecutive to the life-without-parole sentence he was already serving for his murder conviction. The Rhode Island Supreme Court affirmed the solicitation convictions on April 2, 2010. Rhode Island v. McManus, 990 A.2d 1229 (R.I. 2010).

II. Discussion

28 U.S.C. § 2254 (a) allows for federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." However, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). It is undisputed that Petitioner has not exhausted his state court remedies with respect to three of his four habeas claims. (See Pet.'s Opp'n 9, ECF No. 8 ("The state contends that the petitioner did not exhaust his state remedies with respect to three of his four claims in accordance with 28 U.S.C. §2254(b)(1)(A). To that the petitioner agree[s], and so states that in his habeas corpus application.").) Petitioner argues instead that he should be excused from the exhaustion requirement because "(i) there is an absense [sic] of

3

available state corrective process; [and] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." (Pet.'s Opp'n 10, ECF No. 8 (citing 28 U.S.C. § 2254 (b)(1)(B) 2006; Duckworth v. Serrano, 454 U.S. 1, 3 (1981)).) Specifically, Petitioner claims that there has been "inordinate delay" on the part of the state courts. (Id. at 12.) He states that his case has been pending for seven years, and he attributes the delay over the past three years to his court-appointed attorney, Mark Smith. (Id. ("Only attorney Smith knows the reasons that he has failed to assert himself in his representation of the petitioner.").)

The exhaustion requirement is "a matter of comity between the federal and state courts," rather than "a jurisdictional limitation on the federal courts." Heon v. R.I. Attorney Gen.'s Office, No. CA 12-44 ML, 2012 WL 3241919, at *7 (D.R.I. July 25, 2012), report and recommendation adopted, No. CA 12-44 ML, 2012 WL 3235836 (D.R.I. Aug. 7, 2012) (quoting Harris v. Champion, 938 F.2d 1062, 1064–65 (10th Cir. 1991)). Petitioner is correct that in cases where "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant," exhaustion is not required.  28 U.S.C. § 2254(b)(1)(B).  However, "it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration

4

of justice in the state courts only **in rare cases where exceptional circumstances of peculiar urgency are shown to exist**." Heon, 2012 WL 3241919, at *7 (emphasis in original) (internal quotation marks omitted) (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987)). Here, Petitioner is serving a life sentence without parole for murdering his wife – a conviction not at issue in the instant petition. Even if he is successful in overturning the two ten-year sentences that he received for the solicitation counts, his prison time will not be affected. Therefore, the Court finds that there are no "exceptional circumstances of peculiar urgency" in this case that would justify interfering with the state court's process. See id. ("Given that Heon is no longer confined in prison . . . , this Court is unable to find that 'exceptional circumstances of peculiar urgency . . . exist' . . . here to excuse exhaustion.").[3]

The final question is whether Petitioner's claims should be dismissed without prejudice or stayed and held in abeyance while he returns to the state courts to pursue his unexhausted claims. "[T]o obtain a stay of a mixed petition, the petitioner must show that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

---

[3] Accordingly, the Court need not reach the State's arguments concerning the timeliness of McManus's Habeas Petition.

tactics." Josselyn v. Dennehy, 475 F.3d 1, *4 (1st Cir. 2007) (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)). Petitioner argues that "[t]he court(s) delays and attorney Smith's inactivity in the case should suffice as good cause for failure to exhaust." (Pet.'s Opp'n 13, ECF No. 8.) However, "a claim of ineffective assistance of counsel alone does not present good cause for a stay and abeyance." Womack v. Saba, Civil Action No. 11-40138-FDS, 2012 WL 685888, at *4 (D. Mass. Mar. 1, 2012) (citing Gaouette v. O'Brien, 2010 WL 5376849, at *1 (D. Mass. Dec. 20, 2010)). Moreover, as the State points out, the record shows that McManus, not Attorney Smith, requested at least one stay, which the state court granted for six months. (See State's Reply 5-6, ECF No. 9.) Accordingly, at least some of the delay is attributable to his actions. For these reasons, the Court finds that a stay and abeyance is not appropriate in this case.

For the foregoing reasons, the Court hereby GRANTS the State's Motion to Dismiss and DISMISSES WITHOUT PREJUDICE Petitioner's Habeas Petition.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability ("COA") because McManus has failed to

make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253 (c)(2).

McManus is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2254 Proceedings.

IT IS SO ORDERED.

/s/ W. Smith
_____
William E. Smith
Chief Judge
Date:  May 10, 2016